IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| OLIM ISLAMOV, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3229 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| SVETLANA SERGEYEVNA UNGAR, | ) | |
| | ) | |
| Defendant. | ) | |

  Plaintiff Olim Islamov ("Islamov") has initiated garnishment proceedings in this forum for collection of a judgment entered in his favor and against defendant Svetlana Sergeyevna Ungar ("Ungar") by the United States Bankruptcy Court for the District of Nebraska. Currently pending for resolution are Ungar's objection to garnishment of her wages, (see filing no. 5), and her motion to quash the Summons and Order of Garnishment in Aid of Execution served on Verizon Wireless, Ungar's employer. Filing No. 6. See also, filing no. 28 (answers to garnishment interrogatories filed by Verizon Wireless). The objection and motion to quash raise the same legal issue; that is, whether the bankruptcy court's judgment against Ungar is void for lack of jurisdiction.

  Ungar filed Chapter 7 bankruptcy proceedings in the United States Bankruptcy Court for the District of Nebraska on September 17, 2007. Filing No. 22-1. Islamov filed a complaint in the bankruptcy forum objecting to the discharge of a debt owed by Ungar on two promissory notes, claiming Ungar fraudulently obtained these loans from Islamov by using financial statements containing materially false investment and profit information.

Trial was held in the bankruptcy court. The central issue at trial was whether the $1,131,249.00 listed as owed by Ungar to Islamov in Ungar's bankruptcy petition should be discharged by the bankruptcy court. Filing No. 26. Ungar and Islamov stipulated that Ungar executed two promissory notes to the Islamov in August 2007 totaling $1,131,429.00. Filing No. 26, at CM/ECF p. 3. Ungar claimed she was coerced into signing the notes; Islamov claimed the money was loaned to Ungar based on fraudulent financial statements. As set forth in the parties' joint preliminary pretrial statement, the legal issues for trial included:

1. Did the Defendant obtain the funds through fraud and false representations under 11 U.S.C. § 523 (a)(2)(A)?

2. Did the Defendant commit willful and malicious injury under 11 U.S.C § 523 (a)(6)?

3. Were these fraudulent courses of conduct and false and misleading statements and omissions considered violations of the Securities Exchange Act of 1934, Section 10(b) and Rule 10 b-5 promulgated there under and of Neb. Rev. Stat. § 8-1102 and § 8-1118?

Filing No. 26, at CM/ECF p. 5-6.

The bankruptcy court entered a trial verdict and judgment in favor of Islamov in the amount of $228,791.00 on October 2, 2009, and the judgment was registered in this court on October 14, 2009. Filing No. 1. Ungar claims Islamov's bankruptcy complaint sought a ruling that the promissory notes signed by Ungar were non-dischargeable, but the complaint did not seek a money judgment and therefore the money judgment entered by the bankruptcy court is void for lack of jurisdiction. Filing No. 6; filing no. 8.

Ungar appealed the bankruptcy court's ruling, and asked the bankruptcy court to stay its judgment pending appeal. The bankruptcy court denied the requested stay, explaining:

> As for the argument that the complaint did not request a money judgment, it is clear that the complaint sought a judgment that the amount claimed by plaintiff was non-dischargeable and the dollar amount was placed at issue and litigated by both parties during the course of the trial.

Filing No. 22-2. The money judgment entered by the bankruptcy court has not been stayed by order of that court or by filing a court-approved supersedeas bond. See, Fed. Rules Bankr. Proc. Rule 8005; Fed. R. Civ. P. 62(d).

Judgments entered by the bankruptcy court "possess all the incidents and qualities of finality and conclusiveness appertaining to judgments of courts of general jurisdiction." Edelstein v. U.S., 149 F. 636 (8th Cir. 1906). Ungar's objection and motion to quash filed in this forum seeks to avoid enforcement of the bankruptcy court's judgment by collaterally attacking the judgment. However, a judgment of a court may not be collaterally attacked unless it is void for lack of jurisdiction or was the product of extrinsic fraud. Slangal v. Getzin, 148 F.R.D. 691, 694 (D. Neb. 1993).

Ungar does not claim the monetary judgment entered arose from fraud. Therefore, if the bankruptcy court had jurisdiction over the subject-matter and the parties, its judgment is not void and cannot be ignored by this court or successfully attacked collaterally because one party claims the judgment was erroneous. The test of jurisdiction is whether or not the bankruptcy court had the power to enter the judgment, not whether its conclusion was right or wrong." Board of Com'rs of Lake County v. Platt, 79 F. 567, 569 (8th Cir. 1897).

Without question, the bankruptcy court is vested with the authority to enter monetary judgments as between creditors and bankruptcy petitioners, and it had personal jurisdiction over both Ungar and Islamov. Ungar claims it lacked jurisdiction to enter a monetary judgment in favor of Islamov because Islamov's complaint did not expressly request a monetary award. However, a judgment is not open to collateral attack merely because the court may have abused its discretion by expressly or implicitly allowing amendments to the complaint. Even assuming the bankruptcy court permitted litigation and entered a judgment beyond the confines of Islamov's complaint, this alleged error must be corrected by direct appellate review and cannot be rectified by a collateral forum's determination that the judgment itself is void and unenforceable. Goodman v. City of Ft. Collins, 164 F. 970 (8th Cir. 1908).

Accordingly,

IT IS ORDERED:

1) The defendant's objection to garnishment of her wages for payment of the bankruptcy court judgment entered in favor of the plaintiff, (see filing no. 5), is overruled.

2) The defendant's motion to quash the Summons and Order of Garnishment in Aid of Execution served on Verizon Wireless, (filing no. 6), is denied.

3) If the plaintiff intends to garnish the defendant's wages, (see filing no. 28 (Verizon Wireless 's answer to garnishment interrogatories), he shall submit a proposed order of garnishment or continuing lien to the court by electronic mail sent to kopf@ned.uscourts.gov.

November 24, 2009.　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　*Richard G. Kopf*
　　　　　　　　　　　　　　　　　　　United States District Judge